IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MELODY M. HENDERSON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 18-CV-363-TCK-FHM |
| **ANDREW SAUL, Commissioner,** **Social Security Administration,** | ) ) ) ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b) filed by plaintiff's counsel. Doc. 25. Plaintiff's counsel seeks attorney's fees of $9,670.75 pursuant to 42 U.S.C. in attorney's fees pursuant to the terms of 42 U.S.C. § 406(b)(1) and the contract between plaintiff and counsel. *Id.* Counsel has certified that plaintiff has been advised of the fee request, as required by General Order 07-06, and has filed plaintiff's signature stating that she does not object to the attorney's fees request. *Id.* Ex. 1. The Motion is **GRANTED** as provided herein.

**I. Procedural History**

On August 3, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning June 20, 2014. R. 20. The claim was denied initially on September 10, 2015, and upon reconsideration on November 2, 2015. *Id.* Thereafter, Plaintiff filed a written request for hearing. *Id.* The hearing was held on June 26, 2017. In her Decision of September 8, 2017, the ALJ determined Plaintiff had severe impairments of "Complex degenerative tearing of anterosuperior left acetabular labrum; status post repair surgeries x 2; and status post total hip arthroplasty; osteoarthritis of the left hip." R. 23. The ALJ assessed a Residual Functional Capacity ("RFC") of sedentary work with standing/walking two

hours, sitting six hours, and lifting 20 pounds occasionally and 10 pounds frequently. R. 24. She determined, based on testimony of the vocational expert, that Plaintiff retained the RFC to perform the requirements of representative occupations including food/beverage order clerk, call out operator, and telephone quotation clerk. R. 31. Accordingly, the ALJ concluded that the claimant had not been under a disability, as defined in the Social Security Act, from June 20, 2014 through the date of the decision. R. 32.

After the hearing, but before the ALJ rendered her Decision, Plaintiff's hip surgeon completed testing on Plaintiff. Counsel for Plaintiff submitted an August 23, 2017 report from plaintiff's hip surgeon, in which the surgeon stated:

> At this point we recommend a sitdown job with sedentary work but she must be allowed to reposition as needed. Recommend this be a permanent restriction. If she is unable to tolerate this then she should be permanently totally disabled.

R. 654-657. In her Decision, the ALJ acknowledged the hip surgeon's report, but stated that the recommendation "reposition as needed" was "not a functionally relevant term and does not indicate that the claimant would need to do more than reposition while seated, such as by shifting in seat." R. 29. She stated that "[t]he opinions are given great weight, but do not change the RFC." *Id.*

On appeal to this Court, Plaintiff argued in her opening brief that the ALJ erred in her final RFC because it was based on the hip surgeon's temporary restrictions, which were superseded by his permanent restrictions; because the ALJ illogically interpreted the doctor's permanent RFC and rejected the key restriction because it was "not functionally relevant; because the ALJ failed to recontact the hip surgeon to resolve any ambiguity in his permanent RFC; and because the ALJ failed to obtain VE testimony on the restriction that she "must be allowed to reposition as needed." Doc. 12.

Thereafter, the Commissioner filed an Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. §405(G), which the Court granted. Docs. 14, 16. Final judgment was entered on February 21, 2019. Doc. 17.

Subsequently, Plaintiff filed an Application for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. §2412. Doc. 18. The government, in its response to the motion, stated it had no objection to the request. Doc. 19. The Court thereafter entered an order awarding attorney fees of $3,191.60 and costs in the amount of $400. Doc. 21. Thereafter, counsel for Plaintiff filed the pending motion for attorney fees of $9,670.75 pursuant to 42 U.S.C. § 406(b)(1).

Plaintiff has been notified of the pending motion and does not object to the fee request. Doc. 25, Ex. A. The Commissioner has stated that he takes no position on Plaintiffs' counsel's motion and defers to the Court's sound discretion as to the reasonableness of the fee award, but notes that Plaintiff was also awarded attorney fees of $3,191.60, pursuant to EAJA for the same work, and must refund the lesser of the two fees received to Plaintiff. Doc. 26.

**II. Discussion**

Under 42 U.S.C. §406(b)(1)(A), an attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits." *Id.* As the Supreme Court has noted, "In many cases . . . the Equal Access to Justice Act (EAJA), enacted in 1980, effectively increases the portion of the past-due benefits the successful Social Security claimant may pocket." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. §2412). "Under EAJA, a party prevailing against the United States in court, including a successful Society Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was

3

not "substantially justified." *Id*. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits. When a plaintiff appeals to the court and is successful, the attorney representing the plaintiff can be awarded fees for work before the court up to 25 percent of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that the fees are reasonable in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Factors to be considered include the extent and type of services the representative performed, the complexity of the case, the level of skill and competence required of the representative in giving the services, the amount of time the representative spent on the case, and the results the representative achieved. *Id.*, n. 3 (citing 20 C.F.R. §404.1725(b)).

In this case, Plaintiff's counsel expended 15.8 hours in pursuing the Plaintiff's appeal. Doc. 25, Ex. F. The legal work performed by Plaintiff's counsel resulted in reversal of the agency's previous denial and a finding on remand that Plaintiff was disabled and entitled to disability benefits totaling $62,683. Doc. 25, Ex. A.

Using the attorney time only, the requested fee award yields an hourly rate of $418.60. This rate does not result a windfall that should be downwardly adjusted by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-contingent hourly fee would produce because contingency fee contracts have the risk that there will be no fee recovery and the possibility of a higher recovery balances the risk of no recovery. Additionally, when the total amount of the EAJA fee award, $3,191.60, is returned to Plaintiff in accordance with *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $10,330.20, which is approximately 8.7 percent of the past due and auxiliary benefits. The undersigned finds the amount of the award to be reasonable.

### III. Conclusion

Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b) is **GRANTED**. The Court finds that $9,670.75 is a reasonable attorney fee and is hereby awarded to Plaintiff's counsel. Upon receipt of payment, counsel is required to refund to Plaintiff the EAJA fees of $3,191.60 pursuant to *Weakley*.

ENTERED this 12th day of May, 2020

TERENCE C. KERN
United States District Judge